# CASES IN CHANCERY.

---

**L. Q. C. ELMER, Attorney General, *ex relatione* ISAAC VAN WAGENEN and others *v.* THE NEWARK PLANK ROAD AND FERRY COMPANY and others.**

An act incorporating a Plank Road Company authorized the Company to drive piles, and erect piers, wharves, &c., in the Passaic river; Provided, that the free and uninterrupted navigation of vessels in said river be not thereby prevented by any bridge or other obstruction; and requiring the Company to keep a ferry-boat, propelled by steam or other power, for the safe transportation &c.

*Held:* That the act authorizes the Company to extend their works beyond the banks of the river; but only to such extent that a ferry-boat of suitable dimensions may reach the wharves or piers at low water, and be safely received and held at the ends of the piers.

On a bill and information for an injunction, the Court directed notice of the application to be given to the defendants. On the day fixed for the hearing, the bill, and the affidavits in support of it, and the answer of the defendants, and affidavits in support of it were read.

The case is stated in the opinion delivered by the Court.

*A. Whitehead* and *W. Halsted*, for the motion. They cited 2 *Bl. Com.* 346; 4 *Dall.* 304, 316; 4 *Hill*, 76, 83; 1 *Dall.* 150; 2 *Stark. Rep.* 511; 1 *Carr. & Marsh.* 272; 5 *Bac. Ab.* 150, *Nuisance*; 4 *Adolph. & Ellis*, 384; 1 *Bouvier's Law Dict.* 566; *Angel on Tide Waters*, 210; 11 *Peters*, 421; 9 *Howard*, 172; *Leaming & Spicer*, 125; *Story's Eq. Jur.* sec. 921; *Saxton's Ch. Southriver case*; 12 *Peters*, 91; 1 *Bro. Ch.* 588; 1 *Ves.* 140; 10 *Ib.* 192; 1 *Paige*, 197.

*D. A. Hayes* and *F. T. Frelinghuysen* contra. They cited *Smith's Com. on Stat. Const. Pl.* 439, 464, 451, 441, 479, 446; *Dwany on Stat.* 703; 1 *Bl. Com.* 91; *Angel on Tide Waters*, 105, 108, 111, 117; *Saxton's Ch.* 384; 2 *Green's Ch.* 136, 141, 384; *Eden. on Inj.* 262; 1 *John. Ch.* 18.

THE CHANCELLOR. On the 24th of February, 1849, the Legislature of New Jersey passed an act entitled "An act to incorporate the Newark Plank Road and Ferry Company." By the 8th section of this act the said Company are authorized to survey, lay out and construct a plank road, to commence in the city of Newark, east of Broad street, and thence passing by the most convenient and direct course to the bank of the Passaic river near the old ferry, and across the meadow between said Passaic and Hackensack rivers, and through the county of Hudson, in the most eligible route to its point of termination in said county and opposite the city of New York; and the said section further provides, that it shall be lawful for the said Company at any time to drive piles and erect or build piers, wharves, platforms, ferry stairs, or other works necessary for the said road and ferries thereon, in the said Passaic and Hackensack rivers: Provided always, that the free and uninterrupted navigation of vessels in said rivers or either of them is not thereby prevented by any bridge or other obstruction in said rivers, in any manner whatever.

The 11th section of the said act provides, that the said Company shall keep and maintain not less than two good and sufficient ferry-boats, propelled or moved by steam, horse-power or otherwise, for the safe transportation of horses, carriages, passengers, goods and other commodities, one boat on each of the said rivers, at the respective ferries, and persons capable of managing the said boats; and the said Company shall cause to be put a lamp at the extreme point of each pier at said ferries, which said lamps shall be lighted every evening, before dark, and continue lighted until daylight next morning.

The bill prays an injunction restraining the said Company from projecting piers, wharves &c., into the Passaic river, on

either side thereof, and from obstructing, by any works at the ferry across the Passaic, the free and uninterrupted navigation of the said river.

The Company have already driven piles in the river, on each side thereof, to some distance from the banks ; and have thereby indicated the distance to which they intend to project piers into the river.   The bill claims that the Company have no right to extend piers into the river to the distance so indicated, nor to obstruct the navigation of the river at all, by any works extending beyond its banks.

The act contemplates, and provides for a ferry across the river by means of a steamboat, and such a ferry as will be safe for the transportation of horses, carriages, passengers, goods &c., and provides, that the Company may drive piles, and erect or build piers, wharves, platforms, or other works necessary for the said ferry.   The Passaic river, at low water, leaves margins of earth bare, between its banks and low water mark.   This must be presumed to have been known by the Legislature ; as also must the manner in which steamboats are used for ferries.

I think it clear that the act gives the Company the right to extend their works beyond the banks of the river; and that the position, taken by the complainant, that any, the least extension beyond the bank, is prohibited by the proviso to the 8th section of the act is not maintainable.   The proviso is, not, that the river shall not be at all obstructed, but, that the free and uninterrupted navigation of vessels in the river shall not be prevented by any bridge or other obstruction.   The language of the proviso assumes, that the works authorized will be an obstruction to the river ; but provides that no such obstruction shall be built or erected as would prevent the free and uninterrupted navigation of vessels in the river.

I think the true construction of the act is, that the Company are authorized by it to build their wharves or piers in the river to such extent only that a ferry-boat of suitable dimensions may reach such wharves or piers at low water, and such other works, beyond the ends of the wharves or piers, as may be necessary for safely receiving their ferry boat, and holding it at the ends

of the piers for the safe and convenient entering upon and leaving said boat.   That it was the intention of the Legislature that the river should be ferried, by a steamboat or other boat, as far as fairly practicable.

I am of opinion that the plan of the Company, mentioned in the information and bill and in the answer of the defendants, upon which the Company propose to construct their wharves, piers and other works in and over parts of said river, and upon which they were proceeding to construct the same at the time of the filing of the bill and information, extends into the river to the obstruction of the navigation of vessels therein beyond what is necessary for the purposes aforesaid, and beyond what is contemplated by the act of incorporation.

An injunction will, therefore, be allowed, restraining the defendants from constructing their works in and upon the said river upon the plan above mentioned; and from extending their piers or wharves into the said river beyond a point on each side thereof which may be reached by a ferry-boat of suitable dimensions at low water.

Order accordingly.